UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Maria M.,[1]<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Leland Dudek, Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant. | Case No. 2:25-cv-00505-BNW<br><br>**ORDER** |

This case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Maria M's ("Plaintiff") application for benefits under Title II and Title XVI of the Social Security Act. Plaintiff moves this Court to reverse the Commissioner's decision and award benefits. ECF No. 11 at 7. The Commissioner opposes and asks this Court to affirm the Commissioner's decision. ECF No. 15 at 1. Plaintiff did not file a reply. Because the ALJ's findings assessed the persuasive value of the consultative medical sources' opinions for consistency and supportability, and because the decision was supported by substantial evidence, this Court denies Plaintiff's motion and affirms the Commissioner's decision.

**I.    BACKGROUND**

On April 4, 2022, Plaintiff applied for supplemental security income ("SSI") under Title II and Title XVI of the Act, alleging an onset date of October 14, 2021. AR[2] 434. Plaintiff's claim

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 19).)

was denied initially, and on reconsideration. AR 304-305, 314-15. Plaintiff requested a de novo hearing in front of an Administrative Law Judge ("ALJ"), and the appointed ALJ conducted a hearing on February 7, 2024. AR. 255-279. On March 12, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 42-58. The Appeals Council declined to review, and the ALJ's decision became final on February 5, 2025. AR 1-9. Plaintiff timely filed this action for judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.     STANDARD OF REVIEW

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g). The Court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the

evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are insufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### A. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. *Id.* If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. *Id.* If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical

evidence and other evidence." 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). *See* 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work the individual performed within the past 5 years. *Id.* § 404.1560(b)(1)(i). The work must have also lasted long enough for the individual to learn the job and performed an SGA. *Id.* If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. *Id.* § 404.1520(a)(4)(iv). If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering his RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If can do other work, then the ALJ makes a finding of non-disability. *Id.* Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. *See Bowen*, 482 U.S. at 141–42. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Id.*

**B. The ALJ Decision**

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had had not engaged in substantial gainful activity since October 14, 2021. AR 50. At step two, the ALJ found Plaintiff had the following severe impairments: soft tissue injury of the lower extremity, fibromyalgia, and diabetes mellitus. AR 51. At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. AR 52. Before proceeding to step four, the ALJ found Plaintiff retained the residual functional capacity (RFC) to perform "less than the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). AR 52. Specifically, the ALJ found

the evidence supported limitations to occasional crawling and climbing ladders, ropes, or scaffolds. AR 52. The ALJ also found that Plaintiff could frequently climb ramps or stairs, stoop, kneel, and crouch, but that Plaintiff must avoid environmental hazards such as extreme cold, unprotected heights, and dangerous moving machinery. AR 52. At step five, and with the assistance of the vocational expert, the ALJ found that Plaintiff could perform relevant past work as a maid as well as other jobs existing in significant numbers that someone with Plaintiff's vocational profile could perform. AR 57-58. The ALJ therefore found Plaintiff "not disabled" as defined in the Act. AR 58.

## II.     ANALYSIS

Plaintiff challenges the RFC determined by the ALJ and moves to reverse this matter and award benefits. Plaintiff argues that the ALJ's determination that Plaintiff could perform medium work with limitations was solely based on the ALJ's interpretation of the medical data and was not supported by a medical opinion in the record. ECF No. 11 at 3. She argues that, although the ALJ is the ultimate authority in determining RFC, the determination must be grounded in at least one medical opinion as an ALJ is not qualified to interpret raw medical data. *Id.* at 5. The Commissioner responds that the ALJ's analysis is supported by substantial evidence, and the ALJ reasonably assessed Plaintiff's RFC based on all the evidence in the record. ECF No. 15 at 4.

The Social Security regulations establish the required method for assessing differing medical opinions. An ALJ assessing differing medical opinions should not defer or give specific evidentiary weight to any medical opinions or prior administrative medical findings. 20 C.F.R. § 416.920c(a). Instead, for claims filed after March 2017, the ALJ must consider each medical opinion and prior administrative finding to determine persuasiveness by looking at supportability and consistency. *Id.* Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Under the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim,

the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). Still, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787. As discussed above, under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193.

Here, the Plaintiff's record contained three consultative exams. Two were from agency consultants and one was Plaintiff's consultant. AR 280-302, 312-324, 729-738. The ALJ found Plaintiff's consultant's opinions only partially persuasive. AR 54. Plaintiff's consultant, Dr. Avram, opined that Plaintiff was limited to the light exertional level and that she could never climb ladders or scaffolds, she could only occasionally climb ramps/stairs, balance, stoop, kneel, or crouch; and she had manipulative limitations with regard to reaching, fingering, and handling. AR 54. Dr. Avram also opined that Plaintiff could occasionally crawl and that she had environmental restrictions regarding hazards such as heights and heavy machinery. *Id.*

The ALJ found that Dr. Avram's opinion that Plaintiff could only occasionally crawl, and that the Plaintiff should have environmental restrictions regarding hazards such as heights and heavy machinery were supported by diagnostic imaging, medical exams and opinions, and Plaintiff's own testimony. AR 54. However, the ALJ found Dr. Avram's other opinions, especially that Plaintiff was limited to an RFC at the light exertional level, were not supported by medical evidence in the record. AR 54. For example, the ALJ pointed to Plaintiff's medical records from treating medical source Meia Ford, N.P.[3] stating that Plaintiff had no weakness or difficulty walking in late 2023. AR 55, 126. She also referred to x-ray results overseen by Dr. Oparanaku and interpreted by Dr. Rastogi that showed that Plaintiff did not have any acute osseous abnormalities in her feet and only mild to moderate osteoarthritic changes in her hands. AR 54; 740-43.

---

[3] A licensed Advanced Practice Registered Nurse is appropriate medical source for the purposes of medical opinion evidence in Social Security cases. 20 C.F.R. §§ 404.1513(a)(2), 404.1502(a)(7).

Not only did the ALJ find Dr. Avram's opinion that Plaintiff was limited to light exertion unsupported by Plaintiff's records, but the ALJ also found that Dr. Avram's opinions were inconsistent with her own assessment. AR 53. Dr. Avram found that Plaintiff exhibited no arthritis, no hand swelling, and decent lower extremity strength. AR 54, 733. Further, Dr. Avram questioned Plaintiff's credibility and repeatedly stated that Plaintiff failed to try or cooperate during the exam. AR 731-733. Accordingly, to the extent that Dr. Avram's recommendations were based on tests in which Plaintiff gave no effort, the ALJ found Dr. Avram's opinions on Plaintiff's capabilities especially non-persuasive AR 54.

As for the two agency consultants, the ALJ found the first agency consultant's opinion wholly non-persuasive. AR 56. She found that agency consultant Dr. Khong's opinion that Plaintiff did not have any severe impairments non-persuasive because the opinion was not supported by Plaintiff's medical records or with other medical opinions. AR 56.

By contrast, the ALJ stated that she found the second agency consultant's opinion partially persuasive. AR 56. She found agency consultant Dr. Arnow's opinion that Plaintiff had postural limitations such as the ability to frequently stoop, kneel, crouch, climb stairs/ramps, and occasionally climb ladders, ropes, and scaffolds to be persuasive. *Id.* The ALJ stated that Dr. Arnow's opinions as to Plaintiff's postural limitations were consistent with Plaintiff's medical records, especially Plaintiff's treating medical sources' notes. *Id.* For example, Dr. Mathew noted that Plaintiff had been diagnosed with fibromyalgia and diabetes and experienced complications such as neuropathic pain. AR 56, 629. Plaintiff's records also showed that she had minor joint fluid with "trace Baker's cyst", which the ALJ referenced as evidence of Plaintiff's postural limitations. AR 56, 662. The ALJ's postural restrictions were also consistent with Plaintiff's testimony that she is limited by bilateral upper and lower extremity pain, lower back pain, and occasional swelling. AR 53, 496.

Despite the ALJ's statement that she found Dr. Arnow's opinion partially persuasive, she seemingly adopted Dr. Arnow's recommended environmental restrictions including avoiding concentrated exposure to extreme cold and avoiding hazards such as unprotected heights and

dangerous moving machinery. *Id.* The ALJ's restrictions are not only consistent with Dr. Arnow's opinion, but also with Dr. Avram's opinion regarding heights and heavy machinery. AR 735.

Thus, the ALJ not only supported her decision with findings from two different medical opinions, but she also properly assessed all the consultants' medical opinions for supportability and consistency. The ALJ did not interpret raw medical data, but rather assessed whether the consultative opinions were consistent with and supported by the rest of Plaintiff's records, including the opinions of Plaintiff's treating medical providers and the Plaintiff's own testimony.

Given the number of medical sources the ALJ assessed and referenced in her findings, the ALJ's determination that Plaintiff could perform less than medium work with certain limitations is supported by substantial evidence. As the ALJ's finding is supported by inferences reasonably drawn from the record, it must be upheld. *See* 20 C.F.R. § 416.920c(c)(1), (2); *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Accordingly, this Court affirms the Commissioner's decision denying Plaintiff benefits under Title II and Title XVI of the Social Security Act.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal (ECF No. 11) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of the Commissioner consistent with this Order and close this case.

DATED: October 31, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE